# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON ANN VINCENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-0610-CG |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

## ORDER

On September 26, 2016, the Court entered its Judgment reversing the Commissioner's final decision denying Plaintiff Sharon Ann Vincent's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), and remanding this case for further proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 23) at 1; Op. & Order (Doc. No. 22) at 1-20. Plaintiff now requests an award of $5591.60 in attorney's and paralegal fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pl.'s App. EAJA Fees (Doc. No. 24) at 1 (Dec. 16, 2016) (requesting $5073.20 for 21.9 hours of attorney time and 8.5 hours of paralegal time for work performed on the merits litigation); Pl.'s Supp'l App. EAJA Fees (Doc. No. 27) at 1 (Jan. 5, 2017) (requesting $518.40 for 2.7 hours of attorney time for worked

---

[1] Nancy A. Berryhill has replaced Carolyn W. Colvin as the Acting Commissioner of the Social Security Administration. Accordingly, Nancy A. Berryhill is substituted as the named Defendant to this action. Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

performed on the EAJA fee litigation).[2]  Defendant, the Acting Commissioner of the Social Security Administration, opposes Plaintiff's request for EAJA fees related to the merits litigation.  Def.'s Resp. (Doc. No. 25) at 1, 4-7.

A. *Entitlement to Fee Award*

The Court must award reasonable attorney's and paralegal fees to Plaintiff "if: (1) [she] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (noting that reasonable fees for work performed by paralegals are recoverable under the EAJA).  Here, the only contested issue is whether the Commissioner's position defending the agency's unfavorable decision on the merits was substantially justified.  Def.'s Resp. at 1, 4-8; Pl.'s Reply (Doc. No. 26) at 7-10; *see Hackett*, 475 F.3d at 1173 ("[A] second 'substantial justification' finding is not required before EAJA fees may be awarded to a prevailing plaintiff for time spent in the fee litigation process." (quoting *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990))).

"The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Hackett*, 475 F.3d at 1172 (internal quotation marks omitted).  The

---

[2] Citations to the administrative record (Doc. No. 13) are as "R. __," using the pagination assigned by the Commissioner in the certified copy of the transcript of the administrative record.  Citations to other documents filed in this Court use the page and exhibit numbers assigned by CM/ECF.

Commissioner's "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). "EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'" *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)). However, the Tenth Circuit recognizes an exception to this rule "when the government advances a reasonable litigation position that 'cure[s] unreasonable agency action.'" *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (alteration in original) (quoting *Hackett*, 475 F.3d at 1174); *see, e.g.*, *Johns v. Astrue*, 455 F. App'x 846, 847-48 (10th Cir. 2011) (affirming the district court's denial of EAJA fees upon district judge's finding that the Commissioner's harmless-error argument was substantially justified).

*1. Background*

Plaintiff protectively filed her DIB and SSI applications on November 8, 2011, alleging disability since October 21, 2011, because of a broken left hip. *See* Op. & Order at 1-2. Following denial of Plaintiff's applications initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on August 29, 2013, at which Plaintiff, her sister, and a vocational expert ("VE") all testified. *See id.* at 2. On November 27, 2013, the ALJ issued an unfavorable decision concluding that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, from October 21, 2011, through the date of [that] decision." R. 15-16.

3

On appeal, Plaintiff challenged the Commissioner's denial of benefits on the ground that the ALJ's physical residual functional capacity ("RFC") assessment was both legally flawed and unsupported by substantial evidence in the record. *See generally* Pl.'s Br. (Doc. No. 15) at 7-15. Specifically, Plaintiff argued that the ALJ failed to perform a proper credibility assessment of Plaintiff's and her sister's subjective statements, and failed to weigh and explain inconsistent or ambiguous medical evidence that undercut his conclusion that, during the relevant period, Plaintiff could sustain "light work" with additional restrictions on sitting, standing, and climbing. *See id.* at 7-12, 12-15. The Commissioner responded that the ALJ's RFC determination was legally and factually sound because the ALJ "expressly noted" the objective medical and other evidence "that Plaintiff demonstrated improvement with [hip] surgery resulting in the absence of disabling limitations . . . within 12 months of Plaintiff's October 2011 alleged disability onset date." Def.'s Br. (Doc. No. 21) at 5-6; *see also id.* at 7-8, 9, 14-15.

The Court reversed the Commissioner's denial of benefits because the ALJ did not describe how specific evidence supported his RFC findings, did not explain why he gave "great weight" to a reviewing physician's medical opinion that predated Plaintiff's hip replacement surgery, and overlooked significantly probative evidence of Plaintiff's medical impairments and resulting physical limitations. *See generally* Op. & Order at 12-19 (citing R. 11-15). As the Court explained,

> "[t]he RFC assessment must be based on *all* of the relevant evidence in the case record" and "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence," including the claimant's subjective complaints of pain or other [functionally limiting] symptoms.

4

*Id.* at 13 (quoting SSR 96-8p, 1996 WL 374184, at *5, *7 (July 2, 1996)). Given the "limited discussion in the ALJ's decision," particularly the absence of *any* discussion concerning the potential impact of "joint deterioration and bone deformation or an incomplete/extended recovery from hip replacement surgery," the Court could not conclude that the ALJ's RFC for "light work" with an additional sit-stand option was supported by substantial evidence in the record.[3] *Id.*; *see also id.* at 2-3, 12-15.

The Court also found that the ALJ's flawed analysis of Plaintiff's and her sister's subjective statements describing Plaintiff's pain and related functional limitations required reversal and remand. *See id.* at 16-19. The ALJ gave "two specific reasons for not fully accepting" these statements:

> The claimant alleged difficulty ambulating and severe pain; however, medical records noted the claimant reported she was doing well. Testimony noted the claimant tried not to use the wheelchair but no medical records noted a wheelchair being prescribed by a physician.

*Id.* at 16-17 (quoting R. 14-15). Neither of the ALJ's reasons were adequately supported by the record, however. *See id.* at 17-18. First, the ALJ had relied on Plaintiff's reported comments to her orthopedic surgeon in March 2012 that "she was 'doing well' and was 'happy' with the way her hip felt," without evaluating Plaintiff's comments in the context in which they were made. *Id.* at 17-18. After "'examin[ing] the record as a whole,'" particularly

---

[3] The Court also concluded that some of the ALJ's underlying factual findings—such as his step-three findings that there was "no evidence of joint dysfunction or malformation" or "consistent findings of loss of gait and station"—were not adequately supported by the objective medical evidence. *See* Op. & Order at 15 (citing R. 13, 223, 242, 275, 276, 277, 278, 286, 330).

5

evidence produced after March 2012, the Court could not say that substantial evidence supported the ALJ's reliance on Plaintiff's isolated statement. *Id.* at 17 (quoting *Jones v. Colvin*, 514 F. App'x 813, 820 (10th Cir. 2013)). Second, although the record supported the ALJ's finding that no physician had prescribed a *wheelchair* for Plaintiff, the ALJ did not discuss "uncontroverted evidence that Plaintiff's surgeons prescribed use of a walker, Plaintiff still occasionally used a walker as late as August 2012, and . . . Plaintiff used a cane to help her walk all of the time after her second hip surgery" in December 2011. *Id.* at 18 (internal quotation marks omitted). Without further explanation from the ALJ, the Court could not "agree that Plaintiff's lack of need or prescription for a wheelchair—but apparently accepted need and prescription for *other* assistive devices—constitute[d] substantial evidence" supporting the ALJ's adverse credibility assessment. *Id.* (emphasis added) (citing *Staples v. Astrue*, 329 F. App'x 189, 191-92 & n.1 (10th Cir. 2009)).

   2. *Analysis*

The Commissioner argues that the ALJ's RFC assessment was "substantially justified" because he "expressly noted" the evidence supporting his decision and, "[e]ven if the ALJ should have more fully addressed" the evidence and his conclusions, "this evidence nonetheless actually supported the ALJ's assessment." Def.'s Resp. at 4, 5, 7. The Court rejects this argument. *Cf.* Order Grant. Att'y Fees (Doc. No. 25) at 4, *Thompson v. Colvin*, No. CIV-15-288-CG (W.D. Okla. Oct. 20, 2016) (rejecting Commissioner's argument that the ALJ's position was "substantially justified because [he] discussed the favorable mental findings supporting his decision and expressly noted the contradictory evidence when assessing [claimant's] RFC" (internal quotation marks omitted)). As the

6

Court explained in its Opinion and Order, it is not enough for the ALJ to cite or discuss only the evidence he relies upon. *See* Op. & Order at 15-16. The ALJ must also discuss the "'uncontroverted evidence he chooses not to rely upon,' and any 'significantly probative evidence he rejects.'" *Id.* at 16 (quoting *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006)). The ALJ in this case failed to meaningfully address the medical and other evidence relevant to Plaintiff's physical impairment and functional limitations, both in records that the ALJ relied upon without adequate explanation and in others which the ALJ overlooked, misrepresented, or gave only cursory consideration. *See id.* at 12-19. The Court could not reweigh this evidence or create "post-hoc rationalizations to support the ALJ's decision that [were] not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *see also* Op. & Order at 19 ("Contrary to the Commissioner's implicit invitation to do otherwise, *see* Def.'s Br. at 9-14, this Court must review the ALJ's credibility determination based solely on the reasons stated in the [ALJ's] decision . . . ." (internal quotation marks omitted)). Thus, the Court had no choice to reverse the denial of benefits and remand the case for further administrative proceedings. Op. & Order at 20; *see Weigel v. Astrue*, 425 F. App'x 706, 709-10 (10th Cir. 2011).

The Commissioner has not shown that the ALJ's underlying action was legally and factually reasonable in light of the record presented to this Court. *See* Order Grant. Att'y Fees at 4-5, *Thompson*, No. CIV-15-288-CG (citing *Steiner v. Colvin*, No. 13-cv-2130, 2015 WL 361123, at *3-5 (D. Colo. Jan. 27, 2015)). The Court must next consider "whether this case is exceptional because the Commissioner's litigation position 'cured unreasonable agency action.'" *Groberg v. Astrue*, 505 F. App'x 763, 768 (10th Cir. 2012)

(alteration omitted) (quoting *Hackett*, 475 F.3d at 1174). Defendant correctly notes that the Commissioner may avoid paying EAJA fees under this exception "when [she] reasonably, even if unsuccessfully, argues in litigation that the ALJ's errors were harmless." Def.'s Resp. at 7 (citing *Evans*, 640 F. App'x at 733). But the Commissioner did not argue that the ALJ committed harmless legal error in Plaintiff's case. *See generally* Def.'s Br. at 5-15. Rather, she argued that the ALJ's decision complied with the governing law and that his necessary factual findings were supported by substantial evidence in the record as a whole. *See id.* at 5-6, 7-8, 9-14. The Commissioner has not shown that her argument on appeal rendered the United States' position substantially justified. *See Steiner*, 2015 WL 361123, at *3-5.

B. *Amount of Fee Award*

Plaintiff requests an award of $5591.60 in EAJA fees calculated as follows:

- 19.8 attorney hours for work performed in 2015, at a rate of $190.00 per hour; and 4.8 total attorney hours for worked performed in 2016 and 2017, both at a rate of $192.00 per hour; and
- 5.6 paralegal hours for work performed in 2015, at a rate of $100.00 per hour; and 2.9 paralegal hours for work performed in 2016, at a rate of $120.00 per hour.

*See* Pl.'s Supp'l App. EAJA Fees Ex. 1 (Doc. No. 27-1) at 2-6. Plaintiff's counsel has provided an itemized statement of the actual time expended by counsel and her paralegal staff representing Plaintiff in the district court litigation. *See id.* The Court finds that counsel's uncontested statement reflects a reasonable amount of time expended in this matter.

8

The EAJA caps an award of attorney's fees at $125 per hour unless the Court determines that "an increase in the cost of living" or some "special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests an hourly rate of $190 for work performed by her attorney in 2015, and an hourly rate of $192 for work performed by her attorney in 2016 and 2017. In support, Plaintiff's counsel has provided an October 2016 memo from the Social Security Administration's Office of General Counsel in Denver stating that these are reasonable maximum hourly rates for attorney work performed in 2015 and 2016 on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Supp'l App. EAJA Fees Ex. 2 (Doc. No. 27-2) at 1-2. Defendant does not object to these proposed hourly rates, and the Court finds that they are reasonable in this case. *See Leake v. Comm'r of the Soc. Sec. Admin.*, No. CIV-16-379-STE 2017 WL 933131, at *2 (W.D. Okla. Mar. 8, 2017).

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 533 U.S. 571, 590 (2008). Plaintiff requests an hourly rate of $100 for paralegal work performed in 2015, and an hourly rate of $120 for paralegal work performed in 2016. Pl.'s Supp'l App. EAJA Fees Ex. 1, at 2-5. Defendant does not object to these proposed hourly rates, and the Court finds that they are consistent with the prevailing market rates in the Western District of Oklahoma for work perfomed in 2015 and 2016. *See, e.g.*, *Greenwalt v. Colvin*, No. CIV-14-1177-STE, 2016 WL 5349800, at *2 (W.D. Okla. Sept. 23, 2016).

Accordingly, the Court awards Plaintiff $5591.60 in attorney's and paralegal fees. This amount shall be paid directly to Plaintiff and sent in care Gayle L. Troutman,

Troutman & Troutman, P.C., 1350 South Boulder, Suite 410, Tulsa, Oklahoma, 74119. If fees are also awarded under 42 U.S.C § 406(b), Plaintiff's counsel is directed to refund the smaller amount to Plaintiff. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 27th day of March, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE