UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| SHARON ANN VINCENT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-610-CG |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

# ORDER

Now before the Court is Plaintiff Sharon Ann Vincent's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. No. 31), filed through counsel.

On September 26, 2016, the Court entered a Judgment reversing the Acting Commissioner's final decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 23) at 1. On February 6, 2018, the Social Security Administration issued a "favorable" decision on Plaintiff's DIB application and finding Plaintiff disabled as of October 21, 2011. Pl.'s Mot. at 3; Pl.'s Mot. Ex. 2 (Doc. No. 31-2) at 2. The Acting Commissioner has notified Plaintiff of $90,589.00 in past-due benefits and that, pursuant to Plaintiff's fee agreement with counsel, up to $22,267.25 of her withheld benefits can be applied toward her attorney's fees. *See* Pl.'s Mot. Ex. 2, at 3-4; Pl.'s Mot. Ex. 1 (Doc. No. 31-1) at 1 (contingent-fee contract between Plaintiff and her counsel prescribing that if Plaintiff is

awarded benefits after a remand from federal court, Plaintiff "agrees that a reasonable fee for the court work will be 25% of all past-due benefits").

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

As for Plaintiff's counsel's current request for $20,000.00 in fees, the Acting Commissioner has responded that she takes no position on this request. *See* Def.'s Resp. (Doc. No. 32) at 1. The Acting Commissioner correctly notes, however, that the Court previously awarded $5591.60 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, so if fees are now awarded pursuant to § 406(b), Plaintiff's counsel must refund the lesser award to Plaintiff. *See id.*; Order of Mar. 27, 2017 (Doc. No. 28) at 9; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

2

Having carefully reviewed the parties' submissions, the Court finds that an award of $20,000.00, which is approximately 22.5% of the past-due benefits awarded, would not be a "reasonable result[]" in this "particular case[]." *Gisbrecht*, 535 U.S. at 807. While the request is within the amount contemplated by the relevant fee agreement, and the Court sees no basis for reduction based upon counsel's representation or the results achieved, "a downward adjustment is . . . in order" because "the recovery of past-due benefits for the claimant is 'large in comparison to the amount of time counsel spent on the case.'" *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (emphasis omitted) (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel expended 24.6 hours working on this case, with additional paralegal assistance of 8.5 hours. *See* Pl.'s Mot. Ex. 4 (Doc. No. 31-4) at 1-6. Plaintiff's counsel acknowledges that her request would result in an award of "$2451.60 for 8.5 hours of paralegal work" (i.e., about $288 an hour) and "about $713 an hour for the 24.6 hours of attorney time expended." Pl.'s Mot. at 8-9. Plaintiff's counsel notes that for noncontingent work, counsel's firm charges $275 per hour for attorney time and $100-$120 per hour for paralegal time. *See id.* at 8. While fully recognizing and adhering to *Gisbrecht*'s rejection of sole reliance on lodestar calculations, the Court finds that an award of $20,000.00 is excessive and unreasonable in this case in light of the "services rendered." *Gisbrecht*, 535 U.S. at 807; *see id.* at 808 (noting that "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may serve to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement"); *Russell*, 509 F. App'x at 696-98 (affirming the

district court's reduction of claimant's counsel's $17,184.10 request for 28.1 hours of work, resulting in an award of $11,884.10).

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees (Doc. No. 31) and awards Plaintiff's counsel an attorney's fee in the amount of $14,000.00, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The Social Security Administration shall pay this amount directly to Plaintiff's attorney, Gayle L. Troutman of Troutman & Troutman, P.C., 1350 South Boulder Avenue, Suite 410, Tulsa, Oklahoma, 74119. Ms. Troutman shall promptly refund to Plaintiff the $5591.60 previously awarded under 28 U.S.C. § 2412. *See* Order of Mar. 27, 2017, at 9-10; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 30th day of March, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE